530 F.Supp.2d 367 (2007)
In re APPLICATIONS OF the UNITED STATES of America FOR AN ORDER AUTHORIZING CONTINUED USE OF A PEN REGISTER AND TRAP AND TRACE WITH CALLER IDENTIFICATION DEVICE and Cell Site Location Authority on Telephone Number MOO XXX-XXXX and any Subsequently Assigned Telephone Number.
No. MJ07-262-4LA.
United States District Court, D. Massachusetts.
November 6, 2007.
*368 David G. Tobin, United States Attorneys Office, Boston, MA, for Plaintiff.

MEMORANDUM & ORDER
ALEXANDER, United States Magistrate Judge.
At the outset, the Government's application is ALLOWED to the extent it seeks to renew the installation and use of a pen register and a trap and trace device as described in this Court's first order, dated July 26, 2007. The Government's motion to seal is, likewise, ALLOWED.[1]
The Government's renewal application goes further than simply requesting a renewal of this Court's prior order. The renewal application, in fact, seeks completely new material that was not sought in the Government's first application. Specifically, the Government now seeks "cell site location authority" which is intended, as announced by the Government in its renewal application, "to locate where [the subject] is utilizing [his/her] phone, and to identify any patterns in [his/her] movements," including where he/she makes the first and last calls of the day.
Here, the Government asks for both historic and "real time" or prospective cell site information. In making this request, for both types of information, the Government affirmatively offers its compliance with the "specific and articulable facts" standard required for applications brought pursuant to 18 U.S.C. §§ 2701 et seq. As Judge Stearns recently confirmed, however, "when the government requests access to prospective or `real time' cell site information . . . a strong majority [of courts] halve] opted for the probable cause standard." In re Applications of the United States of America for Orders Pursuant to Title 18, United States Code, Section 2703(d), 509 F.Supp.2d 76 (D.Mass.2007) (Stearns, U.S.D.J.), (hereinafter "In re Applications"). This Court sees no reason to deviate from that standard with regard to "real time" or prospective cell site information.
Likewise, while courts disagree,[2] this District recently held that the Government's compliance with the lesser "specific and articulable facts" standard in requesting historical cell site information is sufficient. In re Applications, 2007 WL 2697070, at * 1-3.[3]
Accordingly, this Court hereby DENIES that portion of this "renewal application" seeking cell site location information *369 that is "real time" or prospective and ALLOWS that portion seeking historical cell site location information.
SO ORDERED.
NOTES
[1] Because the "renewal application" was, in fact, not a renewal, but added considerably more requests of this Court, this Court requested that the Government submit a revised renewal application that mirrors the initial application, so that this Court may quickly issue a literal renewal order before the expiration of the original order. The Government complied, and that revised renewal application was ALLOWED on September 21, 2007.
[2] See, e.g., In re Applications of the United States of America for Orders Pursuant to Title 18, United-States Code, Section 2703(d), 509 F.Supp.2d 64, 2007 WL 2296406, at *7 (D.Mass. July 27, 2007) (Alexander, U.S.M.J.).
[3] This Court does note a concern with allowing such applications (no names being attached to the docket number) and leaving to an aggrieved defendant the onus of litigating its constitutionality only at the end stage in a motion to suppress.